## STARR V. WINEGAR.

*Confusion of goods — effect of. Damages — in case of confusion. Contract,
when cannot be implied.*

In an action to recover for the conversion of wheat belonging to plaintiff, it
appeared that defendant had intermingled the wheat with his own in such a
way that the exact amount could not be shown. *Held,* that defendant having
caused the uncertainty was bound to prove the true quantity belonging to
plaintiff, or stand the loss or the risk of mistake in the calculation of the
jury resulting from the confusion of the wheat.

In actions for damages for the conversion of goods where the goods have been
confused by the defendant with other goods, the damages are to be given to
the utmost value the articles will bear.

Where an express agreement was claimed and testimony given to prove it,
*held,* that the jury, if they did not believe the testimony given, could not
imply an agreement of the same nature with the one claimed.

APPEAL by plaintiff from a judgment in favor of defendant,
entered upon the verdict of a jury.

The action was in the nature of a trespass and was brought by
Amanda McNair Starr against Samuel K. Winegar, to recover for
the wrongful taking and carrying away and converting to his own
use by defendant of 1,000 bushels of wheat. The facts were these:
On the 30th of January, 1868, plaintiff leased a farm owned by her
to defendant, for three years, from April 1, 1868. In the fall of
1870, defendant sowed about 25 acres of wheat. In the summer
following, after the term of his lease had expired, he harvested the
wheat, threshed and sold it. The action was brought for the con-
version of the entire amount of wheat. The defendant claimed
title to so much of the wheat as grew on 15 or 16 acres under an
alleged agreement with plaintiff during the first years of his occu-
pancy, that he should be allowed, during the last year, to sow for
himself as much wheat as there was then on the place, which plain-
tiff claimed and which was about 15 or 16 acres. The balance of
the wheat he claimed to own under an agreement to rent the land
upon which it was sowed at $7 per acre. These agreements were
denied by plaintiff. The wheat raised on the 25 acres was mingled
with other grain by plaintiff, and sold, so that it was impossible to
determine accurately its actual amount.

Several exceptions were taken to the admission of testimony, and to the charge and the refusal to charge as requested. Plaintiff moved at special term for a new trial upon a case and exceptions, which was denied. Such other facts as are material appear in the opinion.

*G. F. Danforth,* for appellant.

*A. M. Bingham,* for respondent.

Present— MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

E. DARWIN SMITH, J. The chief exception discussed in this case was taken to the refusal of the circuit judge to accede to the request made by the defendant's counsel, at the close of the trial, to charge "that if the jury came to the conclusion that there was a contract by which the defendant was to have the privilege of putting in a certain amount of wheat, as was equivalent to what was on the ground when he took possession, and no agreement for the residue; if Winegar had mingled the two he must submit to an amount the jury might find." The argument of counsel in support of this request is that although the jury might find that there was an agreement between the parties that the defendant should sow to wheat, as much land before the termination of his lease, and harvest it afterward, as had been sown before the commencement of his lease, and afterward harvested by the plaintiff; yet, as this agreement did not apply to all the wheat sown and harvested by the defendant, that the plaintiff was entitled to recover for all the residue taken off in case the jury should find that it was not sown and taken off under a new and independent agreement as claimed by the defendant. The action was brought for the entire quantity of 1,000 bushels of wheat.

The plaintiff had demanded payment for the whole crop of wheat taken off by the defendant, without distinguishing between any parcels, and denied on the trial and contested the defendant's right to take off any of such wheat. The circuit judge held in effect that there was no basis in the evidence to distinguish between the two parcels of wheat taken off by the defendant under the two contracts set up by him in his defense, and the plaintiff must consequently recover for all or none. It seems to me that this is a mistaken view of the evidence and of the law applicable thereto.

The defendant claimed to sow, under the agreement first made with the plaintiff, 15 or 16 acres of wheat in lieu of the same quantity sown before he took his lease, and that all the land sown to wheat above said 15 acres he had rented at $7 per acre. The fields of wheat sown and harvested by the defendant amounted to 24 or 25 acres. For all the wheat taken off these fields, except the 15 acres, the defendant had no claim or title unless he established such new and independent agreement therefor to pay rent for said land at $7 per acre. The wheat taken off the land by the defendant was all mingled by him, and he could not tell how much came from the 15 acres, or any particular fifteen acres of said land, or how much from the residue, but he could not deprive the plaintiff of the right to recover for the wheat grown on 9 or 10 acres of the rented land because he had mingled it with his own. That was his fault if he had no title to such wheat, and the request of the defendant's counsel in this view was a sound and proper request.

The jury had several elements of evidence or data upon which they could have apportioned the wheat and determined how much damages the plaintiff was entitled to recover, provided they found that the defendant had established no agreement to sow more than 15 acres. They had the quantity of land sown with the wheat, the quantity threshed at the barn, which the defendant said was 620 or 630 bushels, and evidence besides that four loads were drawn away unthreshed, and that these loads would average 12 or 15 shocks to a load, and a bushel to a shock. The defendant said, also, that there were about 500 bushels in all, after it was cleaned, and the value was $2.00 a bushel. From these data, I have no doubt, assuming that the defendant was entitled to the wheat grown on 15 or 16 acres and no more, that a jury of farmers in Livingston county, where this cause was tried, would very soon have determined how much the plaintiff was entitled to recover for the wheat grown on the remaining eight or nine acres, if the plaintiff was entitled to recover for such wheat. But if there was any uncertainty in respect to the quantity for which the plaintiff was entitled to recover, upon this assumption, the defendant having caused such uncertainty by mingling the plaintiff's wheat with his own, was bound to prove the true quantity belonging to the plaintiff, or to stand the loss or risk of mistake in the calculation of the jury, resulting from such confusion of the wheat. And this was in substance the proposition which the counsel for the plaintiff requested

the judge to submit to the jury, and the same was so understood and construed by him in his opinion, denying the motion for a new trial. The rule in respect to the confusion of goods, assumed in the request, is so stated by Chancellor KENT in *Hart* v. *Ten Eyck*, 2 Johns. Ch. 103, and the same rule is asserted in *Lupton* v. *White*, 15 Vesey, 440, and when the action is for damages, the damages are to be given to the utmost value the article will bear. *Armory* v. *Delamirie*, 1 Strange, 505 ; *Rockwell* v. *Saunders*, 19 Barb. 473 ; charge of CADY, J., *Silsbury* v. *McCoon*, 3 N. Y. 389.

In the latter case Judge RUGGLES cites with approval the case of *Bullock* v. *Dibles*, Popham, 38, where the plaintiff had mixed his own hay with the defendant's, and the latter had taken and carried away all the hay thus intermixed. It was held that the plaintiff having intermixed the hay "the defendant should not be guilty for any part of the hay, for by the intermixture he should not be prejudiced in taking the hay."

The exception to that part of the charge which instructed the jury that they might find an implied agreement in respect to the sowing, reaping and taking away, either part of the said wheat, I think was well taken. In the absence of any expressed agreement claimed or proved, in many cases, an agreement may be implied from circumstances, as stated by the judge, but, as in this case, where an express agreement was claimed and proved, it can hardly be admissible, or strictly correct, for a jury to imply an agreement of the same nature and effect. The proof in this case, upon which the jury were advised they might imply an agreement, was all properly received and admissible as corroborative of the defendant's testimony, asserting and tending to establish an express agreement. The defendant had testified positively to an express agreement made between him and the plaintiff, in respect to the sowing of the two parcels of land, and if the jury would not believe him on this point, with the evidence so given in corroboration of his testimony, I cannot see upon what principle, on such evidence separately considered, or otherwise, they could imply an agreement, of the same nature and to the same effect.

No error, I think, was committed in the ruling in respect to the other exceptions stated in the case.

The judgment should therefore be reversed, and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*